■ Zahid J. Ullah, Respondent, v Farrin B. Ullah, Appellant. [879 NYS2d 405]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered October 22, 2008, which, inter alia, vacated a prior order adjudging plaintiff in contempt for failure to comply with an August 2005 interim order directing him to pay tuition for the parties' children and outstanding carrying charges on the parties' two condominium units, unanimously reversed, on the law, without costs, and the matter remanded for findings as to the extent to which such payments are required under the parties' prejudgment stipulation of settlement, and for a contempt hearing to enforce any such payments that remain outstanding.

As noted in this Court's prior order (40 AD3d 201 [2007]), the hearing court's August 2005 interim order was intended to meet the immediate needs of defendant wife and the parties' children pending determination of a motion by defendant to enforce both a 2002 prejudgment stipulation of settlement, which required that the condominium-related payments to be made by plaintiff husband continue until the two units were reconfigured into separate apartments by January 1, 2007 (*id.* at 202), and a 2004 postjudgment purported modification agreement, which required that the condominium-related payments continue "indefinitely" (*id.* at 204). The interim order, like enforcement motion, relied on both the prejudgment stipulation and the postjudgment purported modification (*id.*). As further noted in our prior order, in December 2005, the hearing court held plaintiff in contempt based on his admitted noncompliance with the August 2005 interim order (*id.* at 205); the hearing court, at the same time, also granted defendant's enforcement motion. Our prior order reversed the finding of contempt on the ground that the hearing court failed to advise plaintiff of his right to counsel, and directed "a new hearing on the contempt motion" (*id.* at 206). We also "note[d] that there is merit to the husband's argument that the hearing court erred in finding him in contempt for failing to pay the mortgage and common charge arrears on both apartments pursuant to the August 2005 interim order since it was based on the June 2004 modification, which was invalid because it was never judicially authorized" (*id.*).

On remand, the hearing court denied a motion by defendant to incorporate the 2004 modification into the judgment of divorce, finding that the modification was not in the form required for amending the terms of the 2002 stipulation,

without prejudice to defendant commencing a plenary action on the modification, a ruling that is not challenged on this appeal. The hearing court then proceeded to vacate the prior order of contempt, although this Court had already done so on the prior appeal, not on the ground of right to counsel, but rather because the August 2005 order "was based on plaintiff's conceded failure to abide by the requirements of the purported modification," which the hearing court had just held to be unenforceable. This was error.

There is no indication in the August 2005 interim order that it was based exclusively or even primarily on the invalid 2004 modification agreement, and, other than the duty to make the condominium-related payments "indefinitely," on this record it cannot be determined what, if any, additional payment obligations were assumed by plaintiff under the modification agreement that had not already been assumed by him under the enforceable 2002 stipulation. This Court's statement in the prior appeal that the August 2005 interim order "was based on" the 2004 modification was not intended to suggest any such exclusivity or primacy. As the order granting defendant's enforcement motion remains in force to the extent that plaintiff's outstanding payment obligations are based on the 2002 stipulation rather than the 2004 modification, we remand again for a new contempt hearing, with a directive that findings be made as to the extent to which the interim order was based on the 2002 stipulation alone. Concur—Gonzalez, P.J., Tom, Catterson and Abdus-Salaam, JJ.